IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY FLORES,

      Petitioner,

vs.                                                                     Civil No. 00-677 JC/WWD

IRMA LUCERO, Warden,

      Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

    1.  THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis.*  He is confined pursuant to the judgment, sentence and commitment of the Fifth Judicial District in the Court of Chaves County for the felony crime of arson.

**Procedural Background**

    2.  Pursuant to a plea agreement, on March 23, 1998, Petitioner was sentenced to three years followed by two years on parole.[1]  The sentence was suspended except for six months to be served in the Chaves County Detention Center.  The balance of the sentence was supervised probation (thirty months).  Ex. 1 at i & vi.  One of the conditions of suspension and probation was that Flores enter and successfully complete a substance abuse treatment program.  Ex. 1 at vii.[2]

---

[1] Petitioner was sentenced to eighteen months for the crime of Criminal Damage to Property over $1,000.00, which has expired in its entirety and is not at issue in the Petition.

[2] The referenced exhibits, unless otherwise noted, are attached to the government's answer.

3. Petitioner was incarcerated at the detention center from April 18, 1997 to August 10, 1997. He was then sent to the Las Vegas Mental Health Center for three months for a determination of competency, and returned to the County Jail on or around November 23, 1997. From November 23, 1997 until February 27, 1998, Flores participated in a treatment program in Arizona. After completing the program, Petitioner was returned to jail and was released a month later, in early March 1998.

4. In July 1998, two months after his release, Flores was arrested again and returned to the Chaves County Detention Center. The court, finding that he had violated conditions of his probation agreement, sentenced him in November 1998, revoking probation and imposing the suspended sentence. Ex. 1 at iv.

## Discussion

5. Flores alleges that he should have received presentence credit for the time served in the Arizona treatment program, from November 1997 to February 1998. In its answer, the government urges the court to dismiss the petition both on its merits and because it is time-barred under the one-year statute of limitations period as set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). AEDPA established a one-year time limitation for filing federal habeas petitions and mandated that the period begin to run on the "date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

6. Following his conviction, Petitioner filed a motion with the state trial court for Modification, Reduction and/or For a Correction of Sentence Imposed, on January 8, 1999,

claiming inadequate sentence credit, which was denied on February 15, 1999. Exs. 2, 4. Flores did not directly appeal this denial, but rather petitioned for a writ of certiorari on March 15, 1999, which was also denied on April 16, 1999. Ex. 7.

    7. Petitioner filed his federal petition on May 9, 2000 which was certified as mailed on April 25, 2000. In arguing that the petition is time-barred, I note that the government does not rely on the initial judgment of conviction which was entered on March 23, 1998.[3] Instead, Respondent relies on two other theories. Under one theory, the federal petition is untimely by at least 9 days, using April 16, 1999 (the day the state supreme court denied certiorari) as the day the limitations period began to run. However, Respondent does not allow 90 days in calculatiing when the conviction became final. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999) (judgment is not final and the one-year limitation period for filing for federal post-conviction relief does not begin to run until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed).

    8. Respondent also posits the theory that the petition is time-barred if the one-year limitations period starts from February 15, 1999, the date the state court denied the Motion for Modification, while noting that the time the petition for writ of certiorari was pending cannot be tolled because it was not "properly filed" in the appellate court as a direct appeal. However, because the state supreme court did not default the petition for writ of certiorari or otherwise specify that dismissal of the petition was based on procedural default, this Court cannot

---

[3] A year was corrected to read "1997" from "1887" and a year was inserted for clarity where it had been omitted. Ex. 1, cmp. iii & viii. Petitioner did not file his motion for modification of sentence until almost ten months after the initial judgment was entered.

characterize the petition as not "properly filed," as urged by Respondent. See Coleman v. Thompson, 501 U.S. 722 & n.1 (1991) (if the decision of the last state court to which the petitioner presented his federal claims did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition), cited in Watson v. State of NM, 45 F.3d 385, 386 n.1 (10th Cir. 1995).

9.  The present petition may arguably be untimely. However, even if it were not time-barred, I find that it should be dismissed on the merits, as the state court has done. Ans., Ex. 9.

10.  Petitioner's alleged ground for relief does not state a claim which is cognizable under federal habeas, since it does not allege a violation of a federal constitutional or statutory right. Flores contends that he should have received presentence credit for the three months he was in the Arizona treatment program, from November 1997 through February 1998. If an error was made in miscalculating Petitioner's sentence, federal habeas relief for such errors is not available, as a general rule. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

11.  However, a state court's arbitrary disregard of the state sentencing law and imposition of an unauthorized sentence may violate a defendant's due process rights. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980); Whalen v. United States, 445 U.S. 684, 689-90 n.4 (1990), cited in Pimenta v Crandell, (Table, text in Westlaw), 1999 WL 1009518 (10th Cir.). However, I find no violation of constitutional magnitude here.

12.  Both judgments clearly indicate (except for the minimal confusion created by the typographical errors in the initial judgment) that Petitioner was given credit for time served both in the detention center and at the Las Vegas Mental Health Facility, from April 1997 to November 1997, and for the month he spent at the detention center after completing the treatment program

before he was finally released, from February 1997 to March 1998.

13. In addition, in the order revoking probation, the Court ordered that Petitioner receive credit for time served while he had been on probation, from March 1998 until the time he was returned to custody in November 1998. Ex. 1 at iv-v. Petitioner did not receive any "presentence" credit for the time he attended the Arizona treatment center, nor were his due process rights violated because he did not receive credit.

14. Because Petitioner attended the facility as part of his court-ordered sentence, his time at the treatment center cannot be considered presentence confinement -- Petitioner essentially seeks credit against his sentence by serving part of it. Moreover, even had he attended the treatment center prior to serving his jail time, he would be able to apply credit for his time there only against a sentence of treatment, and not to a jail sentence. See State v. Martinez, 126 N.M. 39, 40-41 (1998) (presentence confinement credit for inpatient alcohol treatment can be applied only to sentence of alcohol treatment and not to sentence of jail).

15. In sum, I find that Petitioner has not raised an issue which can be considered for federal habeas relief because he alleges no facts to show that his due process rights have been violated.

### Recommendation

I recommend that Petitioner's application for Writ of Habeas Corpus be denied and that this cause be dismissed with prejudice.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the clerk of

5

the district court within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

 

_____
UNITED STATES MAGISTRATE JUDGE